IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02334-ZLW

GWEN BERGMAN,

    Plaintiff,

v.

HOWARD KIEFFER,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 31 2008

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Gwen Bergman, filed *pro se* on December 22, 2008, a motion titled "Motion to: Reinstate Complaint and Prisoners [sic] Motion and Affidavit for Leave to Proceed Pursuant to 28 USC § 1915" asking the Court to reconsider and vacate the Order of Dismissal and the Judgment filed in this action on December 9, 2008. She attached to her motion to reinstate a certified copy of her trust fund account statement for the six-month period immediately preceding this filing.

The Court must construe the motion to reinstate liberally because Ms. Bergman is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the motion liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on December 9, 2008. Ms. Bergman's motion to reconsider in this action, which was filed more than ten days after the Order of Dismissal and Judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Ms. Bergman failed, within the time allowed, to cure all the deficiencies designated in the October 28, 2008, order to cure. She specifically failed within the time allowed to submit a certified copy of her trust fund account statement for the six-month period immediately preceding this filing. Ms. Bergman's belated filing of a certified copy of her trust fund account statement after the dismissal of this action fails to cure the designated deficiencies. Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Bergman fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to: Reinstate Complaint and Prisoners [sic] Motion and Affidavit for Leave to Proceed Pursuant to 28 USC § 1915" that

Plaintiff, Gwen Bergman, filed *pro se* on December 22, 2008, and which and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied.

DATED at Denver, Colorado, this 30 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02334-ZLW

Gwen Bergman
FMC Carswell
P.O. Box 27137
Ft. Worth, TX 76127

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/31/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk